**Dismissed and Memorandum Opinion filed August 8, 2017.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00589-CR

---

**MARCELIUS REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1442307**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated robbery. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on August 31, 2015, to confinement for thirteen years in the Institutional Division of the Texas Department of Criminal Justice.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no

right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Appellant's notice of appeal was not filed until July 19, 2017. *See* Tex. R. App. P. 26.2(a)(1).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b)